## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| ELJAY HARRIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1333 |
| | ) | |
| EDGAR JONES, JR. *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 and a Motion for Counsel (Doc. 5) filed by Plaintiff Eljay Harris, an inmate at Dixon Correctional Center.

## I.     Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Background

Plaintiff's pleading concerns violations at Pontiac Correctional Center ("Pontiac") allegedly committed by Defendants Edgar L. Jones, Jr., Sergeant Trainor, and Internal Affairs Officer John Doe, Lieutenant John Doe II, and Sergeant John Doe III.

Plaintiff asserts that on September 5, 2023, Defendant Jones "attacked" him as Defendant Trainor was present but did nothing. Defendant Doe I did not conduct a thorough investigation into Jones' use of excessive force. Plaintiff states that an Adjustment Committee found Plaintiff violated the rule against assault, which Plaintiff claims clearly establishes that he was assaulted. (Pl. Compl., Doc. 1 at 5, 7.)

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016).

Plaintiff does not state a claim against Defendant Doe II or III, as he does not state facts that demonstrate or permit the Court to infer they committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff

also does not state a claim against Defendant Doe for not conducting what Plaintiff characterizes as a thorough investigation into Plaintiff's excessive force claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding that prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances). *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because inmates do not have a due process right to have their claims investigated, Plaintiff fails to state a claim based on his allegation of a failure to investigate.

However, Plaintiff's account is sufficient to state an Eighth Amendment excessive force claim against Defendant Jones, Jr., and a failure to intervene claim against Defendant Trainor. See *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (concluding that in an excessive force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (concluding that to succeed on a claim for failure to intervene, a plaintiff must demonstrate that the defendant "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

## II.   Counsel

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request

counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a scheduling order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motion for Counsel (Doc. 5) is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 5) is DENIED.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment excessive force claim against Defendant Jones and an Eighth Amendment failure to intervene claim against Defendant Trainor. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate John Doe, John Doe II, and John Doe III as Defendants.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within

**thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED February 2, 2026.


s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE